**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edgar QUAN–GUERRA,**
**Defendant–Appellant.**

**No. 90–10074.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1991.

Decided April 4, 1991.

Robert J. McWhirter, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Stanley Patchell, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before TANG, BOOCHEVER and NOONAN, Circuit Judges.

## OVERVIEW

TANG, Circuit Judge:

Edgar Quan–Guerra was found guilty of possessing a weapon in prison. The district court fined Quan–Guerra $500. Quan–Guerra appeals his fine. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Edgar Quan–Guerra was serving time in prison when he was found in possession of a shank. After the jury convicted him for this unlawful possession, the district court sentenced him according to the Sentencing Guidelines. The court found that Quan–Guerra was "financially unable to pay a fine within the guideline range, but that he would be financially able to pay a lesser fine." The court fined Quan–Guerra $500.

Quan–Guerra informed the probation officer, in connection with the presentence report, that he had no assets or liabilities. He also informed the probation officer that his income was limited to his salary from prison employment.

On September 25, 1989, Quan–Guerra filled out a financial affidavit to secure the services of the public defender. In it he stated he had no assets, no debts, and was not employed. Quan–Guerra argues that the district court erred in assessing a $500 fine.

## STANDARD OF REVIEW

We review the legality of a criminal sentence de novo. *United States v. Rafferty*, 911 F.2d 227, 229 (9th Cir.1990). However, we "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); *United States v. Howard*, 894 F.2d 1085, 1087 (9th Cir.1990). We review the district court's findings of fact for clear error. *Howard*, 894 F.2d at 1087.

## DISCUSSION

Quan–Guerra argues that the fine is inappropriate because no evidence on the record demonstrates his ability to pay the fine. When the record demonstrates unequivocally that the defendant is indigent, the district court is required to determine whether the defendant has the ability to pay any fine which might be imposed. *United States v. Seminole*, 882 F.2d 441, 443 (9th Cir.1989). Where the record is silent as to the defendant's earning capacity, this court will remand to the district

court for this determination. *Id.* Further, our precedent and the Sentencing Guidelines establish that the defendant has the burden of proof to demonstrate that he cannot pay the fine imposed by the court. *United States v. Rafferty*, 911 F.2d at 232.

Here, the district court found that Quan–Guerra does not have the ability to pay the $3,000 to $30,000 fine mandated by the Sentencing Guidelines. The district court found that Quan–Guerra will be able to pay a lesser fine of $500. Evidence in the record supports this finding. The presentence report establishes that Quan–Guerra has no debts and has prison employment. No impediment to his earning capacity is shown.[1] Quan–Guerra presented no evidence that he would not be able to pay a $500 fine whereas the district court's decision is supported by the record. He did not meet his burden of proving that he could not pay the fine ordered or is likely to become unable to pay, over a period of time, the fine ordered. The district court did not err in assessing the $500 fine.

Relying on *United States v. Walker*, 900 F.2d 1201, 1206 (8th Cir.1990), Quan–Guerra asserts that the district court must make findings on the record which demonstrate that the sentencing court has taken into account all the factors that, in assessing a fine, the court is required to take into consideration under the Guidelines. Our review of the record satisfies us that the district court considered all required factors in evaluating Quan–Guerra's ability to pay this fine. *See* Guideline § 5E1.2(d). Moreover, Quan–Guerra has failed to meet his burden of establishing his inability presently to pay the fine or that he is likely to become unable to pay all or part of the fine over a period of time. *See* Guideline § 5E1.2(f).

## CONCLUSION

The district court made the required finding that Quan–Guerra had the ability to pay the $500 fine imposed. That finding is supported by the record.

The judgment of the district court is

AFFIRMED.

---

[1]. Quan–Guerra erroneously focuses solely on the current state of his assets. However, Quan–Guerra's future earning capacity is relevant to the district court's inquiry as to his ability to pay the fine. *See* Guideline §§ 5E1.2(d)(2) and 5E1.2(f). Quan–Guerra has not established that his future income will be insufficient to pay the fine of $500.