951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manoocher KEYVANI, Defendant-Appellant.
 No. 90-50539.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 18, 1991.
 
 Before WALLACE, Chief Judge, and SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manoocher Keyvani appeals his sentence, following conviction on a guilty plea, for conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 846. Keyvani contends that the district court erred by imposing a $100,000 fine without considering facts relevant to his ability to pay. We have jurisdiction under 28 U.S.C. § 1291 and we vacate the sentence and remand for resentencing.
 
 
 3
 Under the United States Sentencing Guidelines, a defendant may be ordered to pay both a fine within the range specified for his offense level and an additional fine to cover the costs of his incarceration and supervision. U.S.S.G. §§ 5E1.2(c), (i). When deciding whether and how much to fine a defendant, the district court must consider several factors, including the defendant's income, earning capacity, and financial resources. 18 U.S.C. § 3572(a). The defendant bears the burden of establishing that he is unable to pay the required fines. U.S.S.G. § 5E1.2(f); United States v. Nazifpour, 944 F.2d 472, 475 (9th Cir.1991).
 
 
 4
 We will reverse a district court's factual finding that a defendant can afford to pay a fine only if it is clearly erroneous. See Nazifpour, 944 F.2d at 475. Nevertheless, where the defendant contests his ability to pay, the record must show that the district court considered all the required factors before imposing the fine. See id.; United States v. Quan-Guerra, 929 F.2d 1425, 1426 (9th Cir.1991).
 
 
 5
 Here, Keyvani argued below that he was "without any money whatsoever." Keyvani contends, and the government concedes, that the district court imposed a $100,000 fine without considering Keyvani's ability to pay and without identifying the provision of the Guidelines under which it was proceeding. We are unable to determine whether the district court clearly erred by imposing the fine, and accordingly must vacate the sentence and remand for the district court to address Keyvani's ability to pay. See Quan-Guerra, 929 F.2d at 1426. The government does not oppose a limited remand for this purpose.[1] If the district court finds that a fine is appropriate, it should specify whether the fine is imposed pursuant to U.S.S.G. § 5E1.2(c) only or pursuant to both sections 5E1.2(c) and (i).
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court made no factual findings, we do not consider Keyvani's contention that a $100,000 fine constituted an abuse of discretion because of his circumstances