956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Hipolito RENDON-OTALVARO, Defendant-Appellant.
 No. 91-50288.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1992.*
Decided March 6, 1992.
 
 Before HUG, PREGERSON and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Jose Hipolito Rendon-Otalvaro pleaded guilty to one count of willful failure to report the attempted transportation of monetary instruments out of the United States in violation of 31 U.S.C. § 5316(a)(1)(A). Appellant was sentenced to a term of imprisonment of eight months, and was ordered to pay a fine of $2,000, the cost of imprisonment of $11,325, and a special assessment of $50. Rendon-Otalvaro now appeals from his sentence and the imposition of fines and costs. We dismiss the appeal as to the sentence imposed, and affirm the imposition of the fine.
 
 I.
 
 3
 Rendon-Otalvaro argues that the district court erred by failing to depart downwards from the range imposed by the Sentencing Guidelines. This court has no jurisdiction to review a sentencing court's refusal to depart downward so long as the court in fact exercised its discretion. United States v. Zweber, 913 F.2d 705, 707 (9th Cir.1990). There is no indication in the record that the court's refusal to depart was anything but discretionary. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991).
 
 II.
 
 4
 Under the Sentencing Guidelines, a court must impose a fine in all cases, unless the defendant is able to prove that he is unable to pay the fine, or is not likely to become able to pay the fine. Sentencing Guidelines § 5E1.2(a); United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990). The Guidelines directed the court in this case to impose a fine at least sufficient to pay the costs of appellant's imprisonment, plus a minimum fine of $2,000 and a maximum fine of $20,000. Sentencing Guidelines § 5E1.2(i) and (c). The court thus imposed the minimum fine allowed under the Guidelines.
 
 
 5
 Appellant argues that imposition of the fine was improper since all his money had been confiscated by the federal government, and that he would not be able to find work in the United States to pay the fine in the future.[1] Even assuming that he had established his present inability to pay the fine,[2] Appellant offered no evidence to the court indicating he would be incapable of earning sufficient money in the future to satisfy the amount imposed.[3] Appellant therefore failed to carry his burden of proof.
 
 III.
 
 6
 The appeal of the sentencing court's refusal to depart downward is DISMISSED for lack of jurisdiction. The imposition of fines is AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant does not allege error in the district court's failure to make an explicit finding on the record that he was able to pay the fine. While it is preferable that sentencing courts make such a finding, we have not required it where the record upon which the court based its decision included the information necessary to conclude that the defendant was able to pay. United States v. Quan-Guerra, 929 F.2d 1425, 1427 (9th Cir.1991); United States v. Weir, 861 F.2d 542, 545 (9th Cir.1988), cert. denied, 489 U.S. 1089 (1989)
 
 
 [2]
 At the time of sentencing, Appellant continued to argue that the cash seized from him was money obtained through legitimate means. Consequently, he failed to prove that the $52,981 would not be returned to him, and therefore could not be considered by the court as an asset. Indeed, appellant alleges in his reply brief that he received a refund of approximately $47,000 of that money
 
 
 [3]
 Indeed, to the contrary, the evidence provided by the Appellant to the court indicated that he had no significant outstanding debts or liabilities, that he had a marketable skill, and that based on past performance it was reasonable to project a significant future stream of income