976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark James SANDORO, Defendant-Appellant.
 No. 90-50511.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 17, 1992.
 
 Before WIGGINS, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * Sandoro was convicted under 18 U.S.C. § 1344 for defrauding Wells Fargo Bank through a check kiting scheme. The jury found that Sandoro had written checks on a closed bank account and deposited them into an account in another bank. Sandoro argues the district court should have admitted into evidence a mailgram Sandoro sent to the first bank asserting that he didn't know the status of his account. Appellant's Brief at 11-16. This mailgram, Sandoro argues, was admissible under Fed.R.Evid. 106.
 
 
 3
 Sandoro's mailgram would have normally been inadmissible hearsay. Fed.R.Evid. 801, 802. It's not clear whether Fed.R.Evid. 106 allows the introduction of evidence that's otherwise inadmissible, see C. Wright & K. Graham, Federal Practice & Procedure § 5078 (discussing controversy over this issue), but we need not reach this question here. Rule 106 allows a party to introduce a writing when--and only when--an adverse party introduces some other writing and the two writings "ought in fairness to be considered contemporaneously." At the time Sandoro tried to introduce the mailgram, the government hadn't introduced any other writing into evidence. Rule 106, under its plain terms, doesn't apply.
 
 II
 
 4
 Sandoro argues that, because he isn't able to pay his fine, the district court erred in imposing it. Because a defendant's ability to pay is a factual issue, we review the district court's finding for clear error. United States v. Quan-Guerra, 929 F.2d 1425, 1426 (9th Cir.1991).
 
 
 5
 The defendant bears the burden of showing that he's unable to pay the fine, and that he's not likely to become able to pay the fine. U.S.S.G. § 5E1.2(f) (1989). Our review of the record, see, e.g., RT 9/11/90 at 30-32, 36, satisfies us that the district court considered Sandoro's ability to pay, and found that Sandoro didn't meet his burden. See Quan-Guerra, 929 F.2d at 1427.
 
 
 6
 This finding wasn't clearly erroneous. There was evidence that Sandoro had recently owned a $70,000 house, see Presentence Report p 59; Sandoro claimed that he had given the house away and had gotten nothing in return, RT 9/11/90 at 13, but the district court would have been justified in not believing this, see id. at 14-16, 31. Moreover, Sandoro presented no evidence that he would be unable to pay the fine in the future: Sandoro had bought several businesses in the past, and had made enough money to buy a $70,000 home--the district court was entitled to consider this in evaluating Sandoro's future earning capacity.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3