968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Sanford FLACK, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven BATTS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Jerome FOSTER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Norman ZIVICH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Eugene BATES, Defendant-Appellant.
 Nos. 91-30246, 91-30247, 91-30281, 91-30313 and 91-30426.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1992.
Decided July 21, 1992.
As Amended on Denial of Rehearing and Rehearing
En Banc Nov. 19, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and CROCKER,* District Judge.
 
 MEMORANDUM
 
 2
 Flack, Batts, Foster, Zivich, and Bates appeal from their convictions for manufacture of and conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and their sentences under the United States Sentencing Guidelines. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. Whether false statements or omissions in an affidavit are intentional or reckless we review for clear error. United States v. Dozier, 844 F.2d 701, 705 (9th Cir.), cert. denied, 488 U.S. 927 (1988). Whether misstatements and omissions are material to a finding of probable cause we review de novo. Id. We also review de novo a determination of probable cause when the supporting affidavit is partially redacted. Id. at 706. We review the legality of a sentence de novo, and the underlying factual findings for clear error. United States v. Quan-Guerra, 929 F.2d 1425, 1426 (9th Cir.1991) (Quan-Guerra ). We affirm.
 
 
 3
 * Flack, Batts, Zivich, and Foster (collectively defendants) argue that the district court erred by finding that there were no reckless and material false statements or omissions in the warrant affidavit. The district court should have suppressed the evidence seized under the warrant if defendants proved by a preponderance of the evidence that: (1) the affiant has knowingly or recklessly given false information or omitted facts that tend to mislead, and (2) the challenged information or omission was material, or essential to the finding of probable cause. See Franks v. Delaware, 438 U.S. 154, 156 (1978) (Franks ).
 
 
 4
 Defendants incorrectly argue that the district court was required to redact the information of the confidential informant, repeated by affiant Wiederman, because it was inaccurate and uncorroborated. Instead, the information and its source is considered as just another part of the totality of the circumstances to which the court looks to determine probable cause. See Illinois v. Gates, 462 U.S. 213, 238 (1983).
 
 
 5
 Defendants contend that the district court erred by not redacting information that some of them were seen gambling with cash because this information was irrelevant. Irrelevant information is not deleted in the Franks inquiry. See Franks, 438 U.S. at 156. This information was neither false nor misleading.
 
 
 6
 Flack argues that the district court erred by failing to find that certain information concerning the airplane--that the pilot was not identified with certainty and that it did not contain drugs--was omitted and thus misled the magistrate into believing that one of the defendants had been identified as the pilot with certainty and that the airplane did contain drugs. The magistrate was not misled by the omissions, especially because all of this information was credited to the confidential informant.
 
 
 7
 Defendants additionally contend that the district court erred by failing to find that Wiederman's statement that the purchaser of freon "represented himself as being an employee of Doug's Refrigeration" coupled with the omission that Doug's was a legitimate enterprise misled the magistrate into believing it was not a legitimate enterprise. Even assuming the magistrate was misled by this omission, it was not reckless.
 
 
 8
 Defendants further argue that the district court erred by failing to find that misstatements and omissions concerning legitimate uses of hundreds of pounds of freon were reckless and material. It appears that there was a reckless omission: Kennedy knew there were legitimate uses for this amount of freon, but failed to tell this to the magistrate. However, given the totality of the circumstances, this omission was immaterial.
 
 
 9
 Flack argues that the district court erred by failing to find that Wiederman's statement that Zivich conducted counter-surveillance activities while driving was misleading and material. Although some of the specific indicia of counter-surveillance activity was false and recklessly stated, the remainder was true and supported the conclusion that Zivich engaged in counter-surveillance activity. The misstatement was not material and the remaining statements were not misleading.
 
 
 10
 Defendants also contend that the district court erred by not finding that the affiant's statement that the freon was driven to the site to be searched but omitted that it was not unloaded was reckless and mislead the magistrate into believing that it was unloaded, and that this omission was material. It is doubtful that the magistrate would have assumed from this statement that the freon was unloaded. Regardless, it was not reckless.
 
 
 11
 Batts and Foster contend that the district court erred by failing to find that Wiederman's statement regarding the informant's information materially misled the magistrate into believing that some of this information came from Lt. McCurry, rather than from the informant. It is unlikely that the magistrate would have been so misled, because it is clear from Wiederman's entire statement that all this information originated with the informant and Lt. McCurry was only a conduit. In any event, it was not reckless.
 
 
 12
 Therefore, the district court did not err by finding that there were no material false statements or omissions in the warrant affidavit.
 
 II
 
 13
 Flack and Batts argue that even if the district court correctly found that there were no reckless and material false statements or omissions in the warrant affidavit, it nevertheless erred by determining that the affidavit supported demonstrated probable cause.
 
 
 14
 On review, we determine whether the issuing magistrate had a "substantial basis for concluding" that the warrant's supporting affidavit established probable cause. United States v. Ramos, 923 F.2d 1346, 1351 (9th Cir.1991). Probable cause exists where there is reasonable cause to believe that the things listed as objects of the search are located at the place to be searched. Id.
 
 
 15
 The search warrant listed its objects as methamphetamine and materials used in its manufacture. When the affidavit is purged of its reckless misstatements concerning the chemical-smelling cash, evasive driving, and legal uses for freon, it still shows reasonable cause to believe not only that the conspirators were engaged in illegal activity, but also that the objects of the search warrant would be found at the site indicated. The affidavit recited that the police had information that Zivich, Bates, Batts, and certain other individuals were manufacturing methamphetamine. They had been seen together and with large amounts of cash. Bates purchased with cash a large quantity of freon, commonly used to manufacture methamphetamine, and rarely used in such a large quantity for legitimate purposes. Bates drove evasively before delivering the freon to Zivich, who drove somewhat evasively to the site to be searched. Zivich's vehicle had been seen there before and he was a subscriber for the utilities on the site. Individuals from the site had earlier purchased furniture with cash. It appears that there was reasonable cause to believe that the freon was destined for the site to be used to manufacture methamphetamine and that therefore methamphetamine and materials used in its manufacture were located there. Thus, the district court did not err by concluding that the affidavit supported a finding of probable cause.
 
 III
 
 16
 Zivich incorrectly argues that the district court erred by holding that methamphetamine is a controlled substance. See United States v. Durham, 941 F.2d 886, 888-90 (9th Cir.1991).
 
 IV
 
 17
 Batts, Zivich, Foster, and Bates challenge their sentences.
 
 A.
 
 18
 Batts argues that the district court erred by imposing a fine of $50,000 under United States Sentencing Commission, Guidelines Manual § 5E1.2 (Nov. 1989) (U.S.S.G.). Section 5E1.2(d)(2) directs the district court to consider, in part, Batts's ability to pay. Batts argues that the fact he is now proceeding in forma pauperis shows that he is indigent and therefore unable to pay any fine. However, the record demonstrates that Batts is not completely indigent, as he had substantial wealth before his arrest and at least one of his assets, a $68,000 automobile, has not yet been located by the government. Batts also argues that the district court failed to consider whether he had the ability to pay the fine, as required by U.S.S.G. § 5E1.2(d)(2). See Quan-Guerra, 929 F.2d at 1427. The record is to the contrary. At sentencing, though the district court could not precisely quantify the value of the money, automobile, and other assets to which Batts may have had access, it clearly considered them. Therefore, the district court considered his ability to pay and did not clearly err in finding that Batts failed to satisfy his burden of proving that he is unable to pay.
 
 B.
 
 19
 Zivich argues that the district court erred by imposing a life sentence. Zivich first appears to argue that the Guidelines's life sentence for a first-time methamphetamine offender conflicts with the sentencing policies expressed in 28 U.S.C. §§ 994(h), (i), which imply that the maximum sentence for a given offense, in this case life, should be reserved for repeat offenders. The government points out that if possession of methamphetamine were his only relevant conduct, Zivich would not be facing a life sentence. Instead, his role in the offense, possession of a firearm, and obstruction of justice combined to mandate a life sentence. Aside from this, the sentence appears to conform to the sentencing policy set out by Congress in 21 U.S.C. § 841(b)(1)(A)(viii) and 28 U.S.C. § 994(i). Congress instructed that the Guidelines specify a sentence to a "substantial term of imprisonment" for defendants who commit certain felonies, including those set out in 21 U.S.C. § 841. The life sentence exceeds neither this directive nor the maximum penalty set out in 21 U.S.C. § 841.
 
 
 20
 Zivich also argues that the life sentence violates the Constitution's prohibition of cruel and unusual punishments. U.S. Const. amend. VIII. The Constitution prohibits only those sentences that are grossly disproportionate to the offense. See United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991). Because Congress has reasonably determined that the manufacture of methamphetamine is grave problem in our society, this sentence is not unconstitutional.
 
 C.
 
 21
 Foster argues that the district court erred by increasing his offense level for possessing a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). Such an increase is appropriate if the weapon is present during commission of the offense (unless it is clearly improbable that the weapon was connected to the offense) and the defendant reasonably should have foreseen it. See United States v. Garcia, 909 F.2d 1346, 1349-50 (9th Cir.1990).
 
 
 22
 Foster received an increase for a gun found in the house which was located near the barn where he helped manufacture methamphetamine for the conspiracy. The gun's proximity to the barn shows the district court did not clearly err by determining that the weapon was present and that it was not clearly improbable that it was connected to the conspiracy. See id. at 1349. The small size of this conspiracy, the substantial value of methamphetamine at the site, as well as the inherent danger of drug trafficking show that the district court did not clearly err by finding that the gun's presence was foreseeable to Foster. See id. at 1350. Therefore, the district court did not err in the two-point enhancement for the gun.
 
 
 23
 Foster argues that the district court erred by failing to reduce his offense level for being a minor or minimal participant because he was involved in the three-year conspiracy for only its last few days and was much less culpable than Zivich or Batts. The Guidelines direct the district court to reduce a defendant's offense level if he was a minor or minimal participant. U.S.S.G. § 3B1.2. The fact that Foster was arguably less culpable than certain coconspirators does not automatically entitle him to a reduction for being a minimal or minor participant. See United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990). Although Foster was at the methamphetamine manufacturing site for a relatively short time, he was a methamphetamine "cook" and applied his expertise to increase its value. Therefore, the district court did not clearly err by finding that Foster was neither a minor nor minimal participant in the conspiracy. See id. at 1282-83.
 
 
 24
 Foster also contends that the district court erred by failing to reduce his offense level for his combat service. The Guidelines authorize the sentencing court to impose a sentence outside the sentencing range if it finds mitigating circumstances inadequately considered by the Sentencing Commission. U.S.S.G. § 5K2.0. Foster argues that the district court thought it had no discretion to depart downward. However, it appears instead that the district court knew it had the discretion to do so, but refused to exercise it. We lack jurisdiction to review such a refusal. See United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990) (Morales ).
 
 D.
 
 25
 Bates argues that the district court erred by not departing lower than 60 months for his age, infirmity, and extraordinary physical condition. The Guidelines authorize the district court to impose a sentence outside the guideline range when the defendant is "elderly and infirm," U.S.S.G. § 5H1.1 (emphasis in original), or when he has "an extraordinary physical impairment," id. § 5H1.4. The district court did reduce Bates's sentence to 60 months due to his age and infirmity under section 5H1.1. Bates contends that the district court erred by concluding that it could not depart further. However, it appears that the district court knew it had discretion to depart further, but refused to do so. We lack jurisdiction to review such a decision. See Morales, 898 F.2d at 102-03.
 
 
 26
 Bates also contends that the district court erred by failing to depart under section 5H1.4, which, he argues, requires a sentence other than imprisonment. Because the district court, in making its decision to depart downward, appeared to recognize its discretion, we also lack jurisdiction to review this decision. See Morales, 898 F.2d at 102-03. We need not reach whether section 5H1.4 indeed requires a sentence other than imprisonment.
 
 
 27
 AFFIRMED.
 
 
 
 *
 Honorable M.D. Crocker, United States District Judge, Eastern District of California, sitting by designation