5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald VAILE, Defendant-Appellant.
 No. 92-30069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Aug. 31, 1993.
 
 1
 Appeal from the United States District Court for the District of Idaho; No. CR91-0521 JMR, Harold L. Ryan, District Judge, Presiding.
 
 D.Idaho
 
 2
 AFFIRMED.
 
 
 3
 Before BEEZER and HALL, Circuit Judges, and ARMSTRONG,** District Judge.
 
 
 4
 MEMORANDUM***
 
 
 5
 The defendant, Donald Vaile, pled guilty to two counts of aggravated sexual abuse of a child, 18 U.S.C. Sec. 2241(c). He appeals the sentence imposed based on alleged errors by the district court in (1) calculating the multiple count adjustment to the offense level; (2) including prior uncounseled misdemeanor convictions in the criminal history computation; and (3) refusing to depart from the applicable guideline range. We have jurisdiction under 18 U.S.C. Sec. 3742. We AFFIRM.
 
 BACKGROUND
 
 6
 The defendant, Donald Vaile, married Jackie Vaile on December 3, 1987. At the time, Ms. Vaile's two sons by a previous marriage were ages five and four. On several occasions after the family moved to Lapwai, Idaho in March 1989, Mr. Vaile sexually abused the two boys.
 
 
 7
 On May 14, 1991, Mr. Vaile was indicted for three counts of aggravated sexual abuse of a child, 18 U.S.C. Sec. 2241(c), and three counts of abusive sexual contact, 18 U.S.C. Sec. 2244(a). He pled guilty to two counts of aggravated sexual abuse of a child, 18 U.S.C. Sec. 2241(c), on July 30, 1991.
 
 
 8
 A presentence report was prepared. The defendant filed objections to the presentence report, a motion for departure, and a sentencing memorandum with exhibits. In response to the defendant's motion for departure, the Probation Officer filed an amended presentence report.
 
 
 9
 A sentencing hearing was held on January 29, 1992 before the Honorable Harold L. Ryan. Judge Ryan sentenced Mr. Vaile to a term of imprisonment of 168 months which is within the applicable guideline range. On February 13, 1992, Judge Ryan filed his "FINDINGS OF FACT AND STATEMENT OF REASONS" which details his reasons for rejecting the defendant's objections to the presentence report, denying the defendant's motion for downward departure, and imposing the particular sentence.
 
 ANALYSIS
 I. The Multiple Count Adjustment
 
 10
 The Government contends that the defendant waived his objection to the multiple count adjustment by not presenting it to the trial court at the time of sentencing. See United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990). However, the court retains discretion to review waived objections based purely on law if no prejudice will be suffered by the opposing party. Id. Because the defendant presents a pure legal objection, we turn to the merits and review the district court's conclusion de novo. United States v. Cipollone, 951 F.2d 1057, 1058 (9th Cir.1991).
 
 
 11
 The defendant argues that the district court committed legal error by not grouping the two counts. Section 3D1.1 of the United States Sentencing Guidelines ("USSG") details the procedure for making the multiple count adjustment. The first step in the procedure is to "[g]roup the counts resulting in conviction into distinct Groups of Closely-Related Counts ("Groups") by applying the rules specified in Sec. 3D1.2." USSG Sec. 3D1.1(a)(1).
 
 
 12
 Section 3D1.2 excludes certain offenses from grouping. The Guidelines recognize that certain crimes, even when committed against the same victim on distinct occasions, involve "multiple, separate instances of fear and risk of harm, not one composite harm." USSG 3D1.2 App. Note 4. The present charge, sexual abuse of a child, is analogous to, and as compelling as rape, which is an example used in the Guidelines Note. In addition, section 3D1.2(d) includes a table which enumerates certain offenses that should not be grouped. Excluded offenses include "all offenses in Chapter Two, Part A." Defendant's two convictions for aggravated sexual abuse of a child, 18 U.S.C. Sec. 2241(c), are covered in Chapter Two, Part A--specifically section 2A3.1. Thus, the trial court correctly assigned the two counts to separate groups.
 
 
 13
 The defendant nevertheless maintains that the clear guideline provisions should be ignored because they result in an impermissible double counting of criminal conduct. The defendant specifically objects to the fact that under both counts he received a two offense level enhancement pursuant to USSG Sec. 2A3.1 because "the victim was ... in the custody, care, or supervisory control of the defendant...." The defendant contends that because there was only one victim, the fact that the victim was in his care is fully taken into account by a single enhancement.
 
 
 14
 The defendant's theory is incorrect based on the previous analysis. Because the Guidelines treat multiple sexual assaults on the same victim as separate instances of fear and risk of harm, the trial court should consider all applicable specific offense characteristics in calculating the offense level for each count.[1]
 
 II. Constitutionality of Prior Convictions
 
 15
 The court reviews the legality of a criminal sentence de novo. United States v. Quan-Guerra, 929 F.2d 1425, 1426 (9th Cir.1991). However, the court is required to give due deference to the trial court's application of the guidelines to the facts. 18 U.S.C. Sec. 3742(e). The court should accept the trial court's factual findings absent a showing of clear error. Quan-Guerra, 929 F.2d at 1426.
 
 
 16
 Constitutionally invalid sentences should not be considered in computing a defendants criminal history category. USSG Sec. 4A1.2 App. Note 6. The burden is on the defendant to show by a preponderance of the evidence that a prior conviction was unconstitutional. Id.; United States v. Newman, 912 F.2d 1119, 1121 (9th Cir.1990). An uncounseled plea is not constitutionally invalid, and must be counted in the criminal history computation, if the defendant knowingly and intelligently waived his right to counsel before entering his plea. United States v. Niven, 952 F.2d 289, 292 (9th Cir.1991).
 
 
 17
 In the present case, the district court concluded that the defendant waived counsel before each of the challenged prior misdemeanor convictions. The district court found that the defendant "did not claim or make any showing that he did not knowingly waive his right to counsel." The court records from the previous convictions demonstrated that the defendant had waived the right to counsel in each case. The trial court also relied on the mandatory practice of Montana judges to "inform each defendant of his constitutional rights and obtain knowing, voluntary, and intelligent waiver of the right to counsel before accepting a plea of guilty." 46 Mont.Code Ann. Secs. 8-102 and 12-210 (1991); see United States v. Goodheim, 686 F.2d 776, 777 (9th Cir.1982) (in circumstance where government has the burden of proving that a prior conviction was valid, it can meet that burden by producing clear and convincing evidence of the custom and practice of the sentencing court). The trial court's conclusion that the defendant did not meet his burden does not constitute clear error and is therefore affirmed.
 
 III. Downward Departure
 
 18
 The defendant challenges the district court's refusal to grant a downward departure. Defendant presented three theories for downward departure to the district court: (1) diminished capacity, USSG Sec. 5K2.13; (2) mental and emotional conditions, USSG Sec. 5H1.3; and (3) adequacy of criminal history category, USSG Sec. 4A1.3.
 
 
 19
 Before the court can review the district court's refusal to depart, the defendant must satisfy a jurisdictional hurdle. It is well-established that the trial court's discretionary refusal to depart from the applicable guidelines is a jurisdictional bar to appellate review. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990). The government's opposition brief characterizes the trial court's refusal to depart downward as a "discretionary decision". The defendant did not address this point in his brief and did not file a reply brief.
 
 
 20
 The government's characterization of the trial court's refusal to depart is well-supported by the record. There is nothing in the record indicating that the district court would have preferred to depart "but for" perceived restraints in the guidelines. United States v. Garcia-Garcia, 927 F.2d 489 (9th Cir.1991) (presumption that district court decision to depart is discretionary where judge made no comment about his refusal to depart downward). To the contrary, the district court not only refused to depart, but also refused to sentence the defendant to the low end of the guideline range. See United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991) (if the district judge "believed that a specific guideline provision precluded him from departing ... he certainly would not have imposed more than the minimum sentence under the guideline range"). Thus, the court finds that the refusal to depart was discretionary and declines review of the refusal to depart on jurisdictional grounds.
 
 
 21
 Accordingly, the judgment and sentence of the district court are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Saundra Brown Armstrong, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if the court were to accept the defendant's theory, the total offense level would not be altered. The adjustment would be to omit the two level "in care" enhancement in the second count. This would result in an adjusted offense level of 31 for the second count instead of 33. However, the second count would still be within four offense levels of the most serious count and thus would still be assigned one unit in making the multiple count adjustment. USSG Sec. 3D1.4(a). Consequently, defendant's adjusted offense level would be unchanged