5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Sylvan Berlant, Defendant-Appellant.
 No. 91-50653.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1993.
Decided Sept. 16, 1993.
 
 Appeal from the United States District Court, for the Southern District of California, D.C. No. CR-91-0454-E-01; William B. Enright, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED AND REMANDED.
 Before: BROWNING, POOLE and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Sylvan Berlant appeals his sentence under the United States Sentencing Guidelines, following his conviction on a guilty plea, for one count of providing and attempting to provide a kickback in violation of 41 U.S.C. Secs. 53 and 54 and 18 U.S.C. Sec. 2. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm, but remand for the district court to append the sentencing transcript to the presentence report (PSR).
 
 
 3
 We review the legality of a sentence de novo, United States v. Jordan, 964 F.2d 944, 946 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992), and the district court's findings of fact underlying a sentence for clear error. United States v. Nazifpour, 944 F.2d 472, 474 (9th Cir.1991) (per curiam); United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied, 111 S.Ct. 206 (1991).
 
 
 4
 * Berlant first contends that the district court erred by imposing a fine in excess of the guidelines range without resolving disputed issues of fact in the PSR. This contention fails.
 
 
 5
 Under Fed.R.Crim.P. 32(c)(3)(D), if a defendant challenges the factual accuracy of any matter in the presentence report, the district court must make either a factual finding concerning the disputed matter or a determination that no finding is necessary because the controverted matter will not be taken into account in sentencing. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). An express adoption of the position of the presentence report is a sufficient finding regarding disputed facts. Upshaw, 918 F.2d at 792.
 
 
 6
 Strict compliance with Rule 32 is required, and failure to comply requires remand for resentencing. Fernandez-Angulo, 897 F.2d at 1516; see United States v. Schubert, 957 F.2d 694, 695 (9th Cir.1992). A written record of the findings or determinations must be appended to the PSR. Id. If the district court announces its findings during sentencing but fails to attach written findings to the presentence report, this technical violation of Rule 32 is only a "ministerial error" that does not require resentencing. Fernandez-Angulo, 897 F.2d at 1517. Instead, the technical violation is corrected by remand to the district court to allow it to append the required findings or determinations to the presentence report. Id.; see Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir.1990) (district court may attach sentencing transcript), cert. denied, 111 S.Ct. 1398 (1991).
 
 
 7
 Here, the probation officer calculated that Berlant had a base offense level of 8 under U.S.S.G. Sec. 2B4.1, the relevant sentencing guideline, and after adjustments, a total offense level of 20. The probation officer's calculation was based in part on his determination that the total amount of loss sustained by Berlant's victim was $289,000. Berlant objected to the calculation of the loss as $289,000 and argued extensively that the amount should be less.
 
 
 8
 During the sentencing proceeding, the district court explicitly adopted the probation officer's calculation of the offense level except that it granted Berlant a two-level adjustment for acceptance of responsibility, which resulted in an offense level of 18. The district court then departed downward to an offense level of 9 based on the government's substantial assistance motion under U.S.S.G. Sec. 5K1.1 and sentenced Berlant to four months' custody and three years' supervised release and imposed a fine of $25,000.
 
 
 9
 An offense level of 9 results in a fine range of $1,000 to $10,000, and an offense level of 18 results in a fine range of $6,000 to $60,000. U.S.S.G. Sec. 5E1.2(c)(3). In addition, the version of section 5E1.2(c) in effect at the time Berlant was sentenced provided for a fine range based on a minimum based on the defendant's pecuniary gain and a maximum based on twice the victim's loss or three times the defendant's gain, whichever was greater. See U.S.S.G. App. C, amendment 384 at 210-11.
 
 
 10
 Berlant asserts that the applicable fine range should be calculated based on an offense level of 9, which results in a fine range of $1,000 to $10,000. The district court's decision to depart downward after the government's substantial assistance motion was discretionary, however. United States v. Keene, 933 F.2d 711, 715 (9th Cir.1991). This court has no jurisdiction to review the extent to which the district court exercised its discretion to depart downward. See United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991). Here, the district court explicitly adopted on the record the offense level of 18, which is a sufficient finding for purposes of Rule 32. See Upshaw, 918 F.2d at 792. Thus, the district court could impose a fine based on an offense level of 18 regardless of its decision to depart downward in imposing a period of incarceration. Moreover, even if the district court should have imposed a fine based on an offense level of 9, the district court adopted the PSR's calculation of $289,000 as the amount of the loss, which also provides a basis for the district court's imposition of a fine of $25,000. See U.S.S.G. App. C, amendment 384 at 210-11.
 
 
 11
 Berlant also argues that the district court could not have resolved the disputed facts adequately without an evidentiary hearing and that any resolution of disputed matters thus is insufficient. The PSR, however, set forth detailed information regarding the calculation of the victim's loss. Moreover, the PSR contained information regarding Berlant's version of the transactions. Berlant challenged the PSR's findings with detailed information, and the district court had adequate information before it to justify its adoption of the presentence report such that its findings of fact were not clearly erroneous, see Upshaw, 918 F.2d at 791, and its failure to hold an evidentiary hearing was not an abuse of discretion. See United States v. Monaco, 852 F.2d 1143, 1148 (9th Cir.1988), cert. denied, 488 U.S. 1040.
 
 
 12
 The district court, however, technically violated Rule 32 by failing to append a written record of its factual findings to the presentence report. See Schubert, 957 F.2d at 695. This technical violation does not require resentencing but does require remand to the district court to allow it to append the sentencing transcript to the presentence report and forward it to the Bureau of Prisons. See Doganiere, 914 F.2d at 169-70; Fernandez-Angulo, 897 F.2d at 1517.
 
 II
 
 13
 Berlant also contends that the district court erred by failing to consider Berlant's ability to pay a lump sum fine. This contention fails.
 
 
 14
 The Guidelines provide that a fine shall be imposed "in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. Sec. 5E1.2(e) (1990); United States v. Quan-Guerra, 929 F.2d 1425, 1427 (9th Cir.1991) (defendant has burden of proof to demonstrate that he cannot pay fine). Before imposing a fine, the district court must consider several factors, including (1) the defendant's income, earning capacity, and financial resources and (2) the burden the fine will place on the defendant and his dependents relative to the burden an alternative punishment would impose. 18 U.S.C. Sec. 3572(a); U.S.S.G. Sec. 5E1.2(d).
 
 
 15
 Here, the PSR contained information provided by Berlant about his financial condition, including total assets of $61,593, total debts of $4,000, net worth of $57,793, and necessary monthly expenses of $2,819.09. In recommending the fine, the probation officer specifically referred to Berlant's ability to earn. The PSR also discussed Berlant's education and employment history, which demonstrate his ability to pay. The PSR also recognized that Berlant might file for bankruptcy, but still recommended the fine.
 
 
 16
 Berlant responded to the PSR by alleging conclusorily that he was destitute. After sentencing, he again argued that he was destitute. In the face of Berlant's substantial assets and earning capacity, however, his conclusory assertions that he is destitute fail to meet his burden of establishing his inability to pay the fine. See Nazifpour, 944 F.2d at 475; Quan-Guerra, 929 F.2d at 1427. Accordingly, the district court's determination that Berlant was able to pay is not clearly erroneous. See Nazifpour, 944 F.2d at 474.
 
 
 17
 Berlant also cites Quan-Guerra, 929 F.2d at 1427, in support of his argument that the district court was required to make specific findings on the record concerning his ability to pay. Quan-Guerra, however, holds only that the record must show that the district court considered the required factors. 929 F.2d at 1427; see also United States v. Mastropierro, 931 F.2d 905, 906 (D.C. Cir.1991) (when record demonstrates that district court considered ability to pay, "the appellate court will not reverse the fine merely because no finding was made but will review the finding of ability to pay necessarily implied by such consideration").
 
 
 18
 Here, the district court stated that it had "read and considered the presentence report together with [Berlant's] objections." Berlant's assets and earning capacity formed a logical basis for the district court's imposition of the fine. The district court's rejection of Berlant's conclusory assertions of destituteness, in the face of Berlant's financial condition, is an adequate finding regarding ability to pay.
 
 
 19
 Berlant also contends that the district court erred by not imposing a fine pursuant to a payment schedule. See U.S.S.G. Sec. 5E1.2(g) (providing for installment payments if defendant shows that payment in a lump sum would have an unduly severe impact). Again, Berlant's conclusory assertions of poverty in the face of his assets and earning power fail to demonstrate his inability to pay the fine in a lump sum. See Quan-Guerra, 929 F.2d at 1427.
 
 
 20
 Finally, Berlant argues that the district court failed to consider his pending civil obligations in imposing the fine. The PSR, however, recommended the $25,000 fine, rather than a much higher fine, in part because of Berlant's pending civil litigation.
 
 
 21
 AFFIRMED and REMANDED with instructions.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3