19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Judy D. MOLL, Defendant-Appellant.
 No. 90-30006.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Judy D. Moll appeals her conviction and sentence of 60 months, imposed following jury trial, for conspiring to manufacture and manufacturing more than 100 marijuana plants in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(B)(vii) and 846. Moll contends that she received ineffective assistance at trial and from her first appointed counsel on appeal. She also argues that the district court erred, first, by failing to instruct the jury adequately on the law of conspiracy and, second, by imposing a $45,000 fine. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Ineffective Assistance
 
 
 4
 Generally, "we will not review challenges to the effectiveness of defense counsel on direct appeal." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991) (citations omitted). "Challenge by way of a habeas corpus proceeding is preferable as it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). Claims of ineffective assistance may be reviewed on direct appeal only in the rare case "when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 291 (citations omitted). This is not such a case and we therefore leave Moll's ineffective assistance claims to be addressed in a collateral proceeding.[1] See Robinson, 967 F.2d at 291.
 
 II
 Jury Instructions
 
 5
 A trial court's failure to instruct the jury that a conviction of conspiracy requires proof of one overt act constitutes plain error. United States v. Garza, 980 F.2d 546, 553-54 (9th Cir.1992). Such error is harmless, however, " 'if no rational jury could have made [its] findings without also finding the omitted or presumed fact to be true.' " United States v. Baldwin, 987 F.2d 1432, 1438 (9th Cir.) (quoting Martinez v. Borg, 937 F.2d 422, 425 (9th Cir.1991)), cert denied, 113 S.Ct. 2948 (1993).
 
 
 6
 Here, the district court failed to instruct the jury that a conviction of conspiracy requires a finding of an overt act. The jury proceeded to convict Moll of both conspiracy to manufacture and manufacturing marijuana. Moll contends that the absence of language in the indictment stipulating that the substantive offense was committed "in furtherance of" the inchoate offense raises the possibility that the jury did not link the two offenses, and improperly convicted her of a conspiracy that was unrelated to the substantive crime. We disagree.
 
 
 7
 We conclude that the district court's omission was harmless because the jury convicted Moll of both conspiring to manufacture marijuana and manufacturing marijuana. We hold that Moll's conviction of the substantive offense serves as the "functional equivalent" of a finding that an overt act was committed in furtherance of the conspiracy. Accordingly, the error was harmless. See Baldwin, 987 F.2d at 1439; Garza, 980 F.2d at 554.
 
 III
 Fine
 
 8
 We review de novo the legality of a criminal sentence. United States v. Rafferty, 911 F.2d 227, 229 (9th Cir.1990). We review the district court's findings of fact for clear error. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990).
 
 
 9
 The Guidelines provide that "[t]he court shall impose a fine in all cases, except where the defendant establishes that [s]he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. Sec. 5E1.2(a). A defendant's future earning capacity, as well as the current state of her assets, is relevant to the district court's inquiry, United States v. Quan-Guerra, 929 F.2d 1425, 1427 n. 1 (9th Cir.1991), and the defendant has the burden of proving she cannot pay the fine imposed by the court, Id. at 1427.
 
 
 10
 Here, relying on a statement in the presentence report indicating that Moll claimed $45,000 equity in a house, the district court ordered her to pay a fine of $45,000. We affirm because Moll did not carry her burden of showing she could not pay the fine.[2] See Quan-Guerra, 929 F.2d at 1427.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moll's recent transfer from prison to supervised release will not bar an action pursuant to 28 U.S.C. Sec. 2255. "Custody," for purposes of that statute, includes not only incarceration but any restraints on liberty not shared by the public generally. Hensley v. Municipal Court, 411 U.S. 345, 351 (1973)
 
 
 [2]
 Counsel on both sides agree that Moll's financial status has worsened since her incarceration. The record on appeal indicates that the district court denied Moll's 28 U.S.C. Sec. 2255 motion to modify her sentence, and counsel agree that she cannot qualify for a reduction in sentence unless she agrees to provide "subsequent, substantial assistance in the investigation or prosecution of another person." F.R.Cr.P. 35(b). This Moll has steadfastly refused to do