42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry GULLEY, Defedant-Appellant
 No. 93-10693.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1994.*
Decided Nov. 17, 1994.
As Amended on Denial of Rehearing Jan. 13, 1995.
 
 1
 Before: ALARCON and HALL, Circuit Judges, and KING, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Larry Gulley pleaded guilty to one count of conspiring to possess cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 846. He was sentenced to 180 months imprisonment. The only issues involved in this appeal relate to Gulley's sentence.
 
 
 4
 Gulley has two prior state court convictions for narcotics offenses, one in 1986 for possession of marijuana, and the other in 1989 for attempted sale of crack cocaine. Prior to sentencing in the present case, the United States filed an information pursuant to 21 U.S.C. Sec. 851(a), alleging only the 1989 conviction. Gulley was therefore subject to a minimum prison term of 10 years under 21 U.S.C. 846.
 
 
 5
 Gulley filed a motion under 21 U.S.C. Sec. 851(c) to strike the 1989 conviction for sentencing purposes. He alleged that his court-appointed counsel, now deceased, had rendered ineffective assistance and that his plea of nolo contendere was thereby rendered involuntary. After reviewing the parties' written submissions on the motion, and hearing argument, the district court denied the motion.
 
 
 6
 Under Sec. 846, Gulley was subject to a mandatory minimum prison sentence of 10 years. Relying upon both prior convictions, the district court found that Gulley was a career offender under U.S.S.G. Sec. 4B1.1. Under Sec. 4B1.1, Gulley's offense level was 37 and his criminal history category was VI. The district judge granted a three level reduction for acceptance of responsibility and found the applicable Guidelines range to be 262-327 months. The judge then departed downward five additional levels, for an offense level of 29 and corresponding sentence range of 151 to 188 months.
 
 
 7
 The district court sentenced Gulley to 180 months. As justification for the specific sentence within the Guidelines range, the district court emphasized the fact that Gulley and his wife had been arrested together for possession of crack cocaine, the day before Gulley's original sentencing date. Both Gulley and his wife represented to the court that the drugs had been found in the glove compartment of Gulley's wife's car, and that Gulley did not know they were there. The court, however, discounted these statements, stating that "quite frankly, I don't believe you. I really don't believe you sir." Instead the court found that Gulley's arrest while free on bail pending sentencing on federal drug charges indicated his continued involvement in drug trafficking, and his denial of involvement indicated refusal to accept responsibility for his actions.
 
 
 8
 Gulley appeals both the denial of his motion to strike the 1989 conviction for sentencing purposes and the district court's imposition of a prison term at the high end of the Guidelines range. We have jurisdiction over this timely appeal and now affirm.
 
 1. Ineffective Assistance of Counsel
 
 9
 Gulley argues that the district court should have found that his 1989 state conviction for attempted sale of crack cocaine was constitutionally deficient due to ineffective assistance of counsel. We review de novo whether given facts amount to ineffective assistance of counsel. United States v. Mims, 928 F.2d 310, 312 (9th Cir.1991). The district court's findings of fact are reviewed for clear error. Id.
 
 
 10
 A guilty or nolo contendere plea can be rendered involuntary if counsel supplies the defendant with erroneous or incomplete information about the charges against him or the options available. See Hill v. Lockhart, 474 U.S. 52 (1986). Counsel's performance is measured according to the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984), which requires proof that counsel's performance "fell below an objective standard of reasonableness," id. at 688, and that the defendant suffered prejudice due to counsel's errors, id. at 687. We indulge a "strong presumption that counsel's performance f[ell] within the 'wide range of professional assistance.' " Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689); United States v. Hamilton, 792 F.2d 837, 839 (9th Cir.1986). Furthermore, post-hoc review should not "interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Strickland, 466 U.S. at 689.
 
 
 11
 Gulley's ineffective assistance claim essentially reduces to two contentions. First, he argues that his court-appointed counsel, Dennis Woodman, rendered ineffective assistance because he allegedly spent only 1.75 hours working on Gulley's case and failed to perform certain investigations. We decline, however, to overturn the district court's implicit finding that Woodman's representation can be called ineffective solely on the basis of how much time he spent on the case.
 
 
 12
 Second, Gulley contends that Woodman failed to inform him of the possibility of filing a suppression motion, and that without this information, his nolo plea was not intelligently entered into. See North Carolina v. Alford, 400 U.S. 25, 41 (1970). Along with his motion to strike the 1989 conviction, Gulley submitted affidavits of two criminal defense attorneys, stating that Woodman's alleged failure more fully to investigate the circumstances surrounding Gulley's arrest and to file a suppression motion constituted ineffective assistance of counsel. See Declaration of John T. Phillipsborn at paragraphs 5-9, ER 88-89; Declaration of Judd C. Iversen at paragraphs 5-13, ER 91-93. In addition, he submitted an affidavit from a private investigator, with supporting diagram and photographs, concluding that the arresting officer could not have had reasonable suspicion to stop or probable cause to arrest Gulley. See Declaration of Brooks Blaskower at paragraphs 3-18 and attached exhibits, ER 95-100, 111, 119-23.
 
 
 13
 We have independently reviewed the entire record in this case and conclude that the district court did not err in denying Gulley's motion to strike. We are not convinced that Woodman's performance was deficient and, in any event, do not find that "the result of the [1989 proceeding was] unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993). Accordingly, we affirm the district court's denial of Gulley's motion to strike the 1989 conviction for sentencing purposes.
 
 
 14
 2. Imposition of Sentence at High End of Guidelines Range
 
 
 15
 Under 18 U.S.C. Sec. 3553(c), the district court must "state in open court ... the reason for imposing a sentence at a particular point within the range." This court reviews de novo a claim that the district court failed to articulate sufficient reasons. United States v. Johnson, 953 F.2d 1167, 1173 (9th Cir.), cert. denied, 113 S.Ct. 226 (1992). Findings of fact with respect to sentencing must be upheld unless clearly erroneous. United States v. Quan-Guerra, 929 F.2d 1425, 1526 (9th Cir.1991); 18 U.S.C. Sec. 3742(e). The district judge in the present case amply justified his selection of the particular sentence.
 
 
 16
 Gulley makes much of the fact that the district judge relied upon his arrest shortly before sentencing in imposing the sentence. Gulley argues that because the charges were dismissed, the arrest should not have been used to support a finding that he merited a severe sentence. He also argues that because both he and his wife spoke at sentencing and denied that Gulley had any knowledge that there were drugs in her car when the two were arrested, and there was no testimony to the contrary, the district court erred in concluding that he had been involved in drug trafficking activities after pleading guilty.
 
 
 17
 The district court specifically stated, however, after Gulley and his wife addressed the court, that "quite frankly, I don't believe you. I really don't believe you sir." This credibility determination was not clearly erroneous and should be respected on appeal. Quan-Guerra, 929 F.2d at 1426; see also 18 U.S.C. Sec. 3742(e) (reviewing court must "give due regard to the opportunity of the district court to judge the credibility of the witnesses").
 
 
 18
 Because the district court's finding that Gulley likely had continued to be involved in drug use between his guilty plea and sentencing was not clearly erroneous, the incident was properly considered as showing that Gulley merited a sentence at the high end of the range. We note also that since the district court had previously departed downward by five levels, Gulley's complaint that the court sentenced him at the high end of the range rings somewhat hollow. We therefore affirm the sentence of 180 months.
 
 
 19
 The sentence is therefore AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 The Honorable Samuel P. King, Senior United States District Judge, District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3