132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Arthur VALOIS, Defendant-Appellant.
 No. 97-30144.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the District of Idaho Edward J. Lodge, Chief District Judge, Presiding.
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Valois appeals his conviction for blocking the use of a gate on a Forest Service road in violation of 36 C.F.R. § 261.12(d). We have jurisdiction under 28 U.S.C § 1291, and we affirm.
 
 
 3
 Valois contends that he should have been allowed to present evidence of the necessity defense. This contention lacks merit.
 
 
 4
 We review a district court's decision to bar a necessity defense de novo. See United States v. Schoon, 971 F.2d 193, 195 (9th Cir.1992). A district court may preclude a necessity defense where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." See id. A defendant must establish the existence of four elements to be entitled to a necessity defense: (1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and (4) that there was no other legal alternatives to violating the law. See id; United States v. Dorrell, 758 F.2d 427, 430-31. A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements." See Schoon, 971 F.2d at 195.
 
 
 5
 Here, Valois' case was legally deficient in at least one respect: he failed to establish that there were no other legal alternatives. See id. The proffer emphasizes that there were ongoing and continuous violations of environmental regulations in this area and other timber sales areas. However, Valois did not pursue administrative or judicial remedies to cure any environmental violations. Accordingly, because there were other legal alternatives to violating the law, these legal alternatives nullify the existence of necessity for the crime. See United States v. Aguilar, 883 F.2d 662, 694 (9th Cir.1989).
 
 
 6
 Valois further contends there was no factual determination regarding his ability to pay a fine. This contention lacks merit.
 
 
 7
 We review for clear error the district court's factual determination that the defendant can afford to pay the fine imposed. See United States v. Quan-Guerra, 929 F.2d 1425, 1426 (9th Cir.1991). A sentencing court is required by 18 U.S.C. § 3572 to consider several factors when deciding whether to impose a fine and in what amount, however the sentencing court is not required to explicitly state each factor on the record. See United States v. Eureka Lab., Inc., 103 F.3d 908, 913 (9th Cir.1996). If the record taken as a whole indicates that the trial court considered the factors, the findings are adequate. See id.
 
 
 8
 Here, the sentencing court considered Valois' injury and medical bills and his economic status. Specifically, the magistrate judge stated "I was going to fine you substantially more, but you have some serious medical bills that you need to pay." Accordingly, the sentencing court adequately considered the section 3572 factors, and the determination that Valois could pay the fine was not clearly erroneous. See Quan-Guerra, 929 F.2d at 1426; Eureka Lab., Inc., 103 F.3d at 913.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3