**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Howard INAFUKU, aka Howie,
Defendant–Appellant.**

No. 90–10188.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1991.

Decided July 10, 1991.

Reginald P. Minn, Honolulu, Hawaii, for defendant-appellant.

Joseph Douglas Wilson, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before HUG, SCHROEDER and WIGGINS, Circuit Judges.

SCHROEDER, Circuit Judge:

■ Howard Inafuku appeals from the sentence which was imposed following his plea of guilty to multiple crimes involving methamphetamine, as well as failure to file income tax returns. The principal issue on appeal concerns imposition of the minimum ten-year sentence required pursuant to 21 U.S.C. § 841(b)(1). The sentence was imposed because the amount of methamphetamine mixture involved in the relevant conspiracy exceeded 1,000 grams.[1] The statute became effective November 18, 1988. The conspiracy for which Inafuku received the mandatory minimum sentence began

before that date and ended after that date. Inafuku contends that the district court violated the ex post facto clause of the Constitution by including the methamphetamine involved in the conspiracy prior to November 18, 1988 in calculating the quantity involved in the conspiracy.

At sentencing, the parties stipulated that the total amount of methamphetamine mixture involved in the conspiracy exceeded 1,000 grams, but that at most only 311 grams were involved after November 18, 1988. The district court, over Inafuku's objection, aggregated the amounts of methamphetamine involved both before and after the effective date of the statute and applied the ten-year minimum. It did so on the authority of *United States v. Calabrese*, 825 F.2d 1342 (9th Cir.1987). In *Calabrese* we held that increased penalties contained in the Comprehensive Crime Control Act of 1984 applied to a methamphetamine conspiracy that began before the effective date of the Act and continued after it. We there applied the new law because there was substantial evidence to show that the conspiracy continued past its effective date.

■ The ex post facto clause of the United States Constitution, Article I, Section 9, bars the imposition of increased punishment retroactively to criminal conduct that occurred prior to the effective date of the increase. *See Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). The issue we must resolve, therefore, is whether aggregation of amounts of contraband distributed before and after the effective date of the statute, but during the course of a single ongoing conspiracy, is an unconstitutionally retroactive application of post-enactment standards.

■ Conspiracy is a continuing offense, which is charged and punished as one crime from beginning to end. *See Ca-*

---

1. The statute as presently codified to eliminate a typographical error in effect at the time of this sentence, and which is not material to this appeal, is as follows:

   In the case of a violation of ... this section involving 100 grams or more of methamphet-

   amine, ... or 1 kilogram or more of a mixture or substance containing a detectable amount of methamphetamine, such person shall be sentenced to a term of imprisonment which may not be less than 10 years. ...

*labrese*, 825 F.2d at 1346. The crime of conspiracy is entirely separate from the completed substantive offenses committed pursuant to the conspiracy, and it is appropriately punished as a separate offense. *Id.* When there is a change in the level of punishment that becomes effective during the course of an ongoing conspiracy, it is not a violation of the ex post facto clause of the Constitution to apply the law as it exists at the end of the conspiracy in fashioning a punishment for convicted conspirators. *Id. See also United States v. Sheffer*, 896 F.2d 842, 844–45 (4th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 432, 112 L.Ed.2d 416 (1990); *United States v. White*, 869 F.2d 822, 826 (5th Cir.), *cert. denied*, 490 U.S. 1112, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). This rule is consistent with the principle that punishment for conspiracy attaches not to the substantive offenses committed during the course of the conspiracy, but to the agreement to commit those offenses, which embraces the entire period during which the conspiracy was in effect. *See Calabrese*, 825 F.2d at 1346.

Recognizing that conspiracy is a continuing offense, the Guidelines contemplate the aggregation of all amounts of contraband involved in a conspiracy in determining the appropriate punishment for the conspiracy. *See* U.S.S.G. § 2D1.4, comment (note 1). *See also United States v. Alvarez–Cardenas*, 902 F.2d 734, 736 (9th Cir.1990) (Guideline offense level determined by amount defendant conspired to sell). In applying the Guidelines the Fourth Circuit has expressly held that there is no violation of ex post facto principles when a court aggregates amounts transacted before and after the effective date of the Guidelines to determine the punishment appropriate for conviction of participation in a single ongoing conspiracy. *Sheffer*, 896 F.2d 842. The agreement to distribute the total amount of controlled substance involved in the conspiracy, the Fourth Circuit held, existed on the effective date of the Guidelines, "and every day thereafter until the conspiracy was affirmatively terminated." 896 F.2d at 845.

We agree with the Fourth Circuit and reach the same result here. The principles of conspiracy allow a defendant to be punished for becoming a party to an agreement to facilitate the commission of substantive offenses, regardless of whether that defendant is also to be punished for those substantive offenses themselves. *Calabrese*, 825 F.2d at 1346. Under these principles, at the point of entering into an agreement, a conspirator becomes accountable for all conduct of the conspiracy, and proof of a slight connection to the conspiracy is sufficient to support such accountability. *United States v. Batimana*, 623 F.2d 1366, 1370 (9th Cir.), *cert. denied*, 449 U.S. 1038, 101 S.Ct. 617, 66 L.Ed.2d 500 (1980). When one agrees to be a member of a conspiracy, one agrees to all acts that have been or will be committed by the conspiracy, and, by virtue of that agreement, is responsible for such acts regardless of one's role in their commission. *See id.*

Since agreement to participate in the conspiracy occurs not only at the point of entry into the conspiracy but also on an ongoing basis until withdrawal or cessation of the conspiracy, it does not violate the prohibition against ex post facto laws to apply the standards that were in effect at the point at which the conspiracy terminated, in order to punish Inafuku for conspiracy to distribute the entire amount of contraband actually involved in the conspiracy. Inafuku continued to agree to be a party to an operation that had sold over 900 grams of a substance containing methamphetamine as of the effective date of the statute imposing the ten-year mandatory minimum, and remained a party to that conspiracy as it sold more contraband after the statute's effective date, ultimately passing the 1,000 gram mark. Inafuku failed to disengage from the conspiracy before the harsher punishment provisions became effective or before it had sold over 1,000 grams of contraband. Inafuku thus engaged in conduct punishable under the mandatory minimum sentence provisions after those provisions took effect. He is therefore appropriately punished under those standards.

Inafuku also challenges the imposition of a $17,500 fine. He claims for the first time on appeal that the district court did not have sufficient evidence to find that he had the ability to pay the fine. We review for plain error. *See United States v. Lopez–Cavasos*, 915 F.2d 474, 479 (9th Cir.1990). The district court explained the imposition of the fine based upon examination of his income tax information and co-conspirators' statements suggesting that Inafuku had large sums of money to spend. The district court nevertheless imposed a fine on the low end of the Guideline range. There was no plain error.

AFFIRMED.