UNITED STATES of America, Plaintiff–Appellee,

v.

John Wiley FRANCIES, Defendant–Appellant.

No. 91–8053
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 10, 1991.

------

John Wiley Francies pro se.

Ron W. Breaux, Haynes & Boone, Dallas, Tex. (Court–appointed), for John Wiley Francies.

LeRoy Morgan Jahn, Mark H. Marshall, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for U.S.

14. The award of prejudgment interest and costs was not appealed, so we do not disturb it.

Before POLITZ, KING, and EMILIO M. GARZA, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of using a communications device to facilitate a felony, 21 U.S.C. § 843(b), John Wiley Francies appeals that portion of his sentence relating to two fines. Finding no error, we affirm.

### Background

The district court adopted the factual recitation and analysis contained in the presentence report (PSR) in computing the sentence. The PSR noted that Francies had a current monthly income of $900 with monthly expenses of $820. The PSR also reflected that during an earlier 10–year period Francies had an average income exceeding $500 per week. The PSR concluded that Francies could not pay an immediate fine in a lump sum but that he would be able to pay a fine over a period of time. Francies made no objection to the PSR before, during, or after the imposition of sentence.

The district court sentenced Francies to prison for 16 months followed by a period of supervised release for one year. In addition, the court imposed two fines: (1) an offense-based fine of $2200 pursuant to Sentencing Guidelines § 5E1.2(c)(1)(A); and (2) an incarceration and supervision-based fine of $23,800 pursuant to § 5E1.2(i). Neither Francies nor his attorney objected to either fine when imposed. Francies timely appealed, raising as the sole issue the validity of the fines.

### Analysis

A defendant may not raise on appeal a matter not first presented to the trial court, absent plain error. This applies to complaints about fines. *United States v. Matovsky*, 935 F.2d 719 (5th Cir.1991). Plain error requires a mistake so blatant and fundamental as to constitute a miscarriage of justice. *United States v. Brunson*, 915 F.2d 942 (5th Cir.1990).

Francies first contends that the imposition of fines totaling $26,000 is reversible error because that sum is outside the permissible guideline range. The unchallenged PSR computation reflects that Francies has an offense level of 10 and a criminal history category of III. Under the guidelines a fine of $2000 to $20,000 is permitted. From this Francies argues that his fine total of $26,000 is outside the guidelines.

Francies misperceives the controlling statute and guidelines. Particularly, he fails to comprehend the difference between a straight fine under section 5E1.2(c)(1)(A) and a recovery of incarceration and supervision costs under section 5E1.2(i). In the sentencing colloquy the trial court "assessed a fine of $2,200," an obvious reference to section 5E1.2(c)(1)(A), and the court then imposed a fine of $23,800 "to cover the cost of imprisonment and supervision," a clear reference to section 5E1.2(i). The $2200 fine is at the lower end of the guideline range. The cost-recovery assessment is mandatory unless the defendant carries the burden of satisfying the court that the assessment should be lowered or waived.

Subsection 5E1.2(i) provides that fines assessed thereunder are subject to the provisions of subsection (f) which permits of a lesser fine, or a waiver, if the defendant establishes to the court's satisfaction that (1) he is not able and, even with a reasonable installment schedule, is not likely to become able to pay all or a part of a fine, or (2) the imposition of a fine would unduly burden the defendant's dependents. Conspicuously absent from subsection 5E1.2(i) is any reference to subsection (d) which requires the court to consider the burden a subsection (c)(1)(A) fine might impose upon the defendant and his dependents. The sentencing guidelines do not place a similar requirement on a subsection (i) fine. Defendant's legitimate observation of the harshness of result is a matter more appropriately addressed to the Congress or Sentencing Commission.

Francies made no attempt to show facts that might have persuaded the court to lessen or waive the subsection (i) fine. As above noted, he made no objection to the PSR data that for a period of 10 years he had averaged over $500 per week. If this

was error, or was no longer a valid predicate for reflecting Francies' earning potential, he should have so informed the district court. He did not do so. There are no grounds in the record before us to reverse the trial court's imposition of the two separate and discrete fines, nor do we find a plain-error basis for rejecting the section 5E1.2(i) fine.

Finally, Francies invokes the eighth amendment prohibition against cruel and unusual punishment. We recently rejected an eighth amendment challenge to a sentence imposed under the guidelines, holding that "the Guidelines are a convincing objective indicator of proportionality." *United States v. Sullivan*, 895 F.2d 1030, 1032 (5th Cir.1990). This complaint also is without merit.

The sentence is AFFIRMED.