967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Susan Roberta AVALON, Defendant-Appellant.
 No. 91-50667.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Susan Roberta Avalon appeals the sentence imposed after her guilty plea to possession of stolen mail, in violation of 18 U.S.C. § 1708. She contends that the district court erred by imposing a fine pursuant to U.S.S.G. § 5E1.2(i) to cover the costs of her imprisonment and supervised release because (1) she established that she was unable to pay the fine; (2) the district court did not make specific findings indicating that it had considered certain factors in determining the amount of the fine; and (3) the district court imposed a fine for costs of imprisonment and supervised release after failing to impose a punitive fine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's fact findings for clear error. United States v. Quan-Guerra, 929 F.2d 1425, 1426 (9th Cir.1991). The Sentencing Guidelines provide that "[t]he court shall impose a [punitive] fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). The Guidelines also provide that "the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered." U.S.S.G. § 5E1.2(i). Either type of fine may be decreased or waived "[i]f the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine ..., or (2) imposition of a fine would unduly burden the defendant's dependents." U.S.S.G. § 5E1.2(f); see United States v. Inafuku, 938 F.2d 972, 975 (9th Cir.1991), cert. denied, 112 S.Ct. 877 (1992) (fine properly imposed where defendant's income tax information and co-conspirators' statements suggested that defendant had large sums of money to spend); United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990) (fine properly imposed where defendant refused to provide financial information).
 
 
 4
 Here, Avalon told the probation officer that she received $100 per week from a trust managed by her sister, who had reduced Avalon's allotment from $3,000 per month to prevent her from buying drugs. She contends this statement showed she had access to only $100 per week. She did not submit a financial statement to the probation officer, and at the sentencing hearing her attorney said he was "not sure legally who actually has control of the funds." Accordingly, the district court did not err by finding that Avalon had access to $3,000 per month from the trust. See Quan-Guerra, 929 F.2d at 1426; Rafferty, 911 F.2d at 232. Moreover, Avalon told the probation officer that she planned to work after her release from prison. She owned the condominium where she lived, and her mother said she would "help her out a lot" after her release. At the sentencing hearing, Avalon said her mother planned to make investments for her while she was in prison. The district court therefore properly found that Avalon did not establish her inability to pay the fine. See U.S.S.G. § 5E1.2(f); Inafuku, 938 F.2d at 975.
 
 
 5
 Avalon also contends that the district court erred by failing to make findings indicating that in determining the amount of the fine, it had considered the seven factors listed in U.S.S.G. § 5E1.2(d). This contention lacks merit because subsection (d) governs only the amount of a punitive fine. See U.S.S.G. § 5E1.2(i) (amount of additional fine must be "at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered"); U.S.S.G. § 5E1.2, comment. n. 7 (amount of additional fine is subject to defendant's ability to pay and may be guided by reports published by the Bureau of Prisons and the Administrative Office of the United States Courts); United States v. Francies, 945 F.2d 851, 852 (5th Cir.1991) (fine under section 5E1.2(i) not subject to requirements of section 5E1.2(d)).
 
 
 6
 Finally, Avalon contends that the district court erred by imposing a fine under section 5E1.2(i) after failing to impose a punitive fine because the fine for costs of imprisonment was an "additional fine." This contention lacks merit because regardless of whether the district court erred by failing to impose a punitive fine, the fine for costs of imprisonment was mandatory. See U.S.S.G. 5E1.2(i) (district court "shall" impose fine).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3