12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martell Josiah MOORE, Defendant-Appellant.
 No. 92-10479.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1993.*
Decided Nov. 22, 1993.
 
 1
 Before: POOLE and FERNANDEZ, Circuit Judges, and KELLEHER, Senior District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 This appeal involves the district court's application of the Sentencing Guidelines in imposing sentence upon Martell Josiah Moore, who pleaded guilty to embezzlement in violation of 18 U.S.C. Sec. 657. We affirm the district court's calculation of the offense level, but vacate the imposition of a fine and remand for reconsideration of that issue only.
 
 BACKGROUND FACTS
 
 4
 On Saturday, January 23, 1988, Moore was the acting branch manager of the San Bruno Branch of California Federal Savings, with the responsibility for opening and closing the bank. When the bank opened Monday, January 25, employees discovered that $50,000 was missing from an ATM and the vault could not be opened because the lock had been set 50 hours ahead. That day the bank received Moore's resignation letter in the mail. When the vault was opened Tuesday morning, it was discovered that $102,069 in cash and $101,550 in traveler's checks were missing. Moore was not caught until February 1992.
 
 
 5
 Moore pleaded guilty to one count of embezzlement. The district court adjusted the base offense level upward for abuse of a position of trust and for more than minimal planning, pursuant to U.S.S.G. Secs. 3B1.3 and 2B1.1(b)(4).[1] The district court sentenced Moore to 24 months imprisonment and imposed restitution of $253,600 and a fine of $40,000.
 
 DISCUSSION
 
 6
 1. Abuse of Trust.
 
 
 7
 Guideline Sec. 3B1.3 provides that if defendant abused a position of trust "in a manner that significantly facilitated the commission or concealment of the offense," the offense level must be increased by two levels. Moore contends that every bank teller had the same opportunity as he to enter the vault, take the money, and reset the vault timer, and therefore his position as acting bank manager did not substantially facilitate the commission of the crime.
 
 
 8
 While it may be true that every teller had an opportunity to commit the crime, the bank manager was in a better position to both commit and conceal it. The bank manager opened and closed the vault and was responsible for checking each teller's till and reconciliation sheets. A teller would have been detected at the end of the banking day. But as acting bank manager that Saturday, Moore was able to conceal the crime until the bank opened the following Monday and he had fled the country. See United States v. Christiansen, 958 F.2d 285, 288 (9th Cir.1992). The district court properly applied the abuse of trust adjustment.
 
 
 9
 2. More Than Minimal Planning.
 
 
 10
 Guideline Sec. 2B1.1(b)(4) requires a two-level increase in offense level "[i]f the offense involved more than minimal planning." The commentary to Guideline Sec. 1B1.1 explains that " '[m]ore than minimal planning' ... exists if significant affirmative steps were taken to conceal the offense.... In an embezzlement, a single taking accomplished by a false book entry would constitute only minimal planning." U.S.S.G. Sec. 1B1.1, comment. (n. 1(f)). The district court found that by resetting the vault timer, sending the resignation letter, and fleeing the country, Moore took significant, affirmative steps to conceal the crime, which warranted a "more than minimal planning" adjustment.
 
 
 11
 Moore must have known in advance that he was to be bank manager that day, and must have planned his actions and his getaway. It is reasonable to infer that it takes some planning for a U.S. citizen to leave the country so suddenly and to escape detection for so long. We cannot say that the district court's finding of "more than minimal planning" is clearly erroneous. See United States v. Notrangelo, 909 F.2d 363, 365 (9th Cir.1990).
 
 
 12
 3. Imposition of a Fine.
 
 
 13
 The government contends that Moore waived any objection to the fine. We recognize that although Moore had no advance notice that the court intended to impose a fine, he could have objected at the time of sentencing and moved to correct the sentence. See Fed.R.Crim.P. 35(c). Even if Moore waived the objection, however, we may consider it when, as here, "review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process," or "the issue is purely one of law." United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992); see United States v. Inafuku, 938 F.2d 972, 975 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 877, 116 L.Ed.2d 782 (1992).
 
 
 14
 Under the Guidelines, a punitive fine is mandatory, except when defendant demonstrates that he is not presently able or is not likely to become able to pay a fine. U.S.S.G. Sec. 5E4.2(a), (f); see United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990); 18 U.S.C. Secs. 3571, 3572. The burden is on defendant to prove his inability to pay a fine. U.S.S.G. Sec. 5E4.2(f); Rafferty, 911 F.2d at 232.
 
 
 15
 The Presentence Report (PSR) stated that Moore had "no assets, liabilities, income nor necessary expenses. Therefore, it appears that he is unable to pay a fine." The district court adopted the guideline application and factual findings in the PSR. In the face of those findings and despite the absence of evidence that Moore was able to pay a fine, the district court imposed a fine of $40,000, the maximum amount under U.S.S.G. Sec. 5E4.2(c), and waived the payment of interest.
 
 
 16
 The determination of the amount of a fine is normally factual, as is a decision of whether a person can afford to pay it. Here, however, the evidence and the adopted findings bespoke an inability to pay. The imposition of a fine on this record constitutes plain error.
 
 
 17
 The sentence is VACATED with respect to the imposition of a $40,000 fine, and the case REMANDED for reconsideration of the propriety and amount of any fine. In all other respects, AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All references to the Sentencing Guidelines are to the version effective November 1, 1987. The 1987 Guidelines were applied by the district court to avoid any ex post facto problem. See United States v. Warren, 980 F.2d 1300, 1304 (9th Cir.1992)