15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alvaro CHAVEZ, aka Alvaro Chaves, Defendant-Appellant.
 No. 92-30366.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Dec. 20, 1993.
 
 Before: WRIGHT, GOODWIN, and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alvaro Chavez appeals his conviction and sentence. He was convicted by a jury of conspiracy to import cocaine, in violation of 21 U.S.C. Sec. 963; possession of cocaine on an aircraft, in violation of 19 U.S.C. Sec. 1590(a); importation of cocaine, in violation of 21 U.S.C. Sec. 960; and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. 841(a)(1). He was sentenced under the guidelines to 324 months imprisonment, to be followed by 10 years supervised release. We affirm.
 
 I.
 
 3
 Chavez claims the district court erred when it admitted evidence of his past narcotics activity under Fed.R.Evid. 404(b) and 403.
 
 
 4
 A district court's decision to admit evidence of prior bad acts under Fed.R.Evid. 404(b) is reviewed for abuse of discretion. United States v. Hadley, 918 F.2d 848, 850 (9th Cir.1990), cert. granted, 112 S.Ct. 1261, cert. dismissed, 113 S.Ct. 486 (1992). Rule 404(b) is an "inclusionary rule," under which evidence is inadmissible "only when it proves nothing but the defendant's criminal propensities." Id.
 
 
 5
 Rule 404(b) permits the introduction of prior bad acts "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). We have developed a four-part analysis to determine whether evidence is admissible under 404(b). The court must determine that,
 
 
 6
 (1) sufficient evidence must exist for the jury to find that the defendant committed the other acts; (2) the other acts must be introduced to prove a material issue in the case; (3) the other acts must not be too remote in time; and (4) if admitted to prove intent, the other acts must be similar to the offense charged.
 
 
 7
 United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991).
 
 
 8
 In prosecutions for narcotics violations, intent may be demonstrated through evidence of prior possession and sale of narcotics. United States v. Adrian, 978 F.2d 486, 492 (9th Cir.1992).
 
 
 9
 Evidence that is offered for a proper purpose under 404(b) may nonetheless be excluded under Fed.R.Evid. 403 if "its probative value is substantially outweighed by the danger of unfair prejudice." United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400-1401 (9th Cir.), cert. denied, 111 S.Ct. 2861 (1991). A district court's ruling under Rule 403 is reviewed for abuse of discretion. Palmerin v. City of Riverside, 794 F.2d 1409, 1411 (9th Cir.1986). The decision is given considerable deference. United States v. Layton, 855 F.2d 1388, 1402 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989).
 
 
 10
 In applying Rule 403, the district court must balance "the probative value of the evidence against the effect of its non-probative aspect--and [must] assess the danger that admission of the evidence will unfairly prejudice the defendant." Layton, 855 F.2d at 1402, quoting United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir.1982). The evidence should be excluded "[w]hen the effect on the jury of the non-probative aspect of the evidence is likely to be substantially greater than the effect of the probative aspect." Id. The prejudicial effect of Rule 404(b) evidence under Rule 403 can be limited by the instructions given by the district court. Hadley, 918 F.2d at 852.
 
 
 11
 Review of the record demonstrates that the district court carefully balanced the probative value of the evidence against its prejudicial effect. The court held that the prior bad acts showed Chavez's knowledge and intent. The district judge issued several limiting instructions to the jury. He informed them that they were to consider the prior bad acts evidence only for, "whatever bearing it may have, if any, on the question of the defendant's intent and knowledge in regard to the offenses that are charged and on trial here and not for any other purpose." The district court did not abuse its discretion by admitting the Rule 404(b) evidence.
 
 II.
 
 12
 Chavez contends that the trial court erred when it denied his motion for a new trial based on the newly discovered evidence that government witness Mark Barron had tested positive for cocaine prior to the trial.
 
 
 13
 We review a district court's denial of a Rule 33 motion for new trial, based on newly discovered evidence, for abuse of discretion. United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987); see Fed.R.Crim.P. 33.
 
 
 14
 To prevail on a motion for a new trial, the movant must satisfy a five-part test:
 
 
 15
 (1) the evidence must be newly discovered;
 
 
 16
 (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part;
 
 
 17
 (3) the evidence must be material to the issues at trial;
 
 
 18
 (4) the evidence must be neither cumulative nor merely impeaching; and
 
 
 19
 (5) the evidence must indicate that a new trial would probably result in acquittal.
 
 
 20
 United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991).
 
 
 21
 The newly found evidence meets the first three prongs of Kulczyk, but fails to satisfy prongs four and five. The evidence that Barron had recently used drugs, although he said he had not, is merely impeachment evidence. Other witnesses involved in the conspiracy corroborated his testimony. The newly discovered evidence does not indicate that a new trial would probably result in acquittal. The district court's denial of Chavez's Rule 33 motion is affirmed.
 
 III.
 
 22
 Chavez contends that the district court erred because it admitted hearsay evidence, pursuant to Fed.R.Evid. 801(d)(2)(E), that went beyond the scope of the conspiracy.
 
 
 23
 Federal Rule of Evidence 801(d)(2)(E) provides that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. The hearsay-conspiracy exception applies only to declarations made while the conspiracy charged was still in progress. Anderson v. United States, 417 U.S. 211, 218 (1974).
 
 
 24
 "A conspiracy continues after the occurrence of the underlying offense and is not completed until the conspirators receive their payoffs." United States v. Azeem, 946 F.2d 13, 16 (2d Cir.1991). See United States v. Knuckles, 581 F.2d 305, 313 (2d Cir.) (hearsay statements by a coconspirator are admissable into evidence when made "before the spoils are divided among the miscreants"), cert. denied, 439 U.S. 986 (1978); United States v. Corbin, 734 F.2d 643, 652 (11th Cir.1984) ("importation is a continuous crime that is not complete until the controlled substance reaches its final destination point") (citations omitted); United States v. Gray, 626 F.2d 494, 498 (5th Cir.) (same), cert. denied sub nom. 449 U.S. 1038 (1980); United States v. Turner, 936 F.2d 221, 226 (6th Cir.1991) (conspiracy and drug importation are continuous crimes [that] are not completed until the drugs reach their final destination).
 
 
 25
 Review of the record demonstrates that the statements admitted, which were made after the cocaine was brought to the United States, concerned when Chavez was going to pay his coconspirators for their role in importing the drugs, and where the drugs were being distributed. These acts all relate to the importation of the drugs. The trial judge did not err when he admitted the coconspirator's statements, under Fed.R.Evid. 801(d)(2)(E).
 
 IV.
 A.
 
 26
 Chavez claims that the district court erred in sentencing him under the guidelines because the underlying offense, importation of narcotics, was committed prior to the effective date of the sentencing guidelines. Application of the sentencing guidelines is reviewed de novo. United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992).
 
 
 27
 Offenses that bridge the guidelines' effective date are termed straddle offenses. Id. A defendant who commits overt acts in furtherance of a conspiracy after the effective date of the guidelines cannot escape sentencing under the guidelines merely because the indictment included acts committed prior to November 1, 1987. Id. at 298.
 
 
 28
 Conspiracy is a continuing offense, which is charged and punished as one crime from beginning to end. United States v. Inafuku, 938 F.2d 972, 973 (9th Cir.1991), cert. denied, 112 S.Ct. 877 (1992). "The crime of conspiracy is entirely separate from the completed substantive offenses committed pursuant to the conspiracy, and it is appropriately punished as a separate offense." Id. at 974. "When there is a change in the level of punishment that becomes effective during the course of an ongoing conspiracy, it is not a violation of the ex post facto clause of the Constitution to apply the law as it exists at the end of the conspiracy in fashioning a punishment for convicted conspirators." Id.
 
 
 29
 Chavez was convicted of a conspiracy that began in November 1986 and ended in July 1988. The trial court did not err in applying the guidelines.
 
 B.
 
 30
 Chavez claims that the trial court erred when it did not depart downward due to sentencing disparity between himself and his codefendants. A sentencing court's interpretation that it cannot depart downward is reviewed de novo. United States v. Reyes, 966 F.2d 508, 510 (9th Cir.), cert. denied, 113 S.Ct. 355 (1992).
 
 
 31
 A district court may not depart downward to correct sentencing disparities between codefendants. United States v. Mejia, 953 F.2d 461, 467-68 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992). Allowing a defendant's sentence to be reduced on account of a codefendant's plea bargain may tend to discourage the government from offering plea bargains in cases involving multiple defendants. Id. Under unusual circumstances relating to sentences of codefendants under pre-guideline and post-guideline standards, departure from the guidelines for equalization of codefendants sentences may be warranted. United States v. Boshell, 952 F.2d 1101, 1108 (9th Cir.1991).
 
 
 32
 Review of the record and the codefendants' sentencing reports demonstrates that this case does not present the unusual circumstances where the disparity in sentences was due to pre-guideline and post-guideline standards. The trial court did not err when it refused to depart downward.
 
 C.
 
 33
 Chavez claims the trial court erred when it increased his sentencing level by four points for being an organizer pursuant to Sentencing Guideline Sec. 3B1.1(a). The district court's determination regarding an appellant's role in the offense is a factual finding, which is reviewed for clear error. United States v. Monroe, 943 F.2d 1007, 1019 (9th Cir.1991), cert. denied, 112 S.Ct. 1585 (1992).
 
 
 34
 Section 3B1.1(a) states, "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." Among the factors relevant to making this determination are:
 
 
 35
 (1) the exercise of decision making authority;
 
 
 36
 (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others.
 
 U.S.S.G. Sec. 3B1.1, comment. (n. 3)
 
 37
 Review of the record demonstrates that the district court considered the factors laid out in comment three. The determination that Chavez was a leader in the conspiracy was not clearly erroneous. The district court's ruling is affirmed.
 
 D.
 
 38
 The district court adjusted Chavez's criminal history score by one point, based on a 1977 conviction for distribution of cocaine. Chavez contends this was error.
 
 
 39
 We review a district court's interpretation and application of the sentencing guidelines de novo. United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992).
 
 
 40
 Section 4A1.2(e)(2) of the Sentencing Guidelines states that any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted toward criminal history. U.S.S.G. 4A1.2(e)(2). On March 30, 1977, Chavez pled guilty to cocaine distribution and was sentenced to one year in prison. The conspiracy in the instant case was found to commence on November 1, 1986. The time between imposition of sentence and the commencement of the instant offense was less than 10 years. The trial court did not err when it considered the 1977 sentence in calculating Chavez's criminal history.
 
 CONCLUSION
 
 41
 The other crimes evidence was properly admitted under Fed.R.Evid 404(b). The Rule 33 motion was properly denied. The coconspirators hearsay statements were admissable under Fed.R.Evid. 801(d)(2)(E). The sentencing guidelines were properly applied. Chavez's conviction and sentence are affirmed.
 
 
 42
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3