17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael ARREOLA-BANDA, Defendant-Appellant.
 No. 92-50477.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1993.
Decided Feb. 1, 1994.
 
 Before: KOZINSKI, SILER,* and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Rafael Arreola-Banda appeals his drug convictions under 21 U.S.C. Secs. 841(a)(1), 846, 952, 960, and 963.
 
 I.
 
 3
 Defendant argues that the district court erred in admitting testimony about his statement, as it violated: (1) the Jencks Act, 18 U.S.C. Sec. 3500, as interpreted in United States v. Harris, 543 F.2d 1247, 1249 (9th Cir.1976); (2) Fed.R.Crim.P. 16(a)(1)(A); and (3) Brady v. Maryland, 373 U.S. 83 (1963).
 
 
 4
 Defendant asserts the Jencks Act was violated when the court did not strike the testimony of Agent Guiliano when the rough notes of Agent Pompa could not be produced, as they had been destroyed. He claims the government, under Harris, was obligated to preserve these notes. But defendant has failed to show any violation of Harris. These notes were not Jencks Act statements; defendant has failed to raise at least a colorable claim that the notes contained exculpatory evidence that wasn't in the report; and he has not shown he was prejudiced by their destruction. United States v. Griffin, 659 F.2d 932, 936-41 (9th Cir.1981). The government had no obligation to preserve the notes.
 
 II.
 
 5
 The district court's finding that defendant aided and abetted in the movement of all twenty-three bags of marijuana, thereby possessing the 379 kilograms of marijuana charged in the indictment, was not clearly erroneous. See United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.), cert. denied, 493 U.S. 863 (1989).
 
 III.
 
 6
 The district court properly found that an overall conspiracy existed among defendant and the other individuals. See United States v. Rubio-Villareal, 927 F.2d 1495, 1499 (9th Cir.1991), vacated in part, 967 F.2d 294 (9th Cir.1992); United States v. Brown, 912 F.2d 1040, 1044 (9th Cir.1990); United States v. Arbelaez, 719 F.2d 1453, 1458 (9th Cir.1983), cert. denied, 467 U.S. 1255 (1984). A "high degree of coordination" between defendants is sufficient evidence to support a conspiracy conviction. See United States v. Hegwood, 977 F.2d 492, 497 (9th Cir.1992), cert. denied, 113 S.Ct. 2348 (1993).
 
 
 7
 The district court's finding that a single act constituted a conspiracy was not clearly erroneous, as the evidence established the existence of one large conspiracy to distribute enormous amounts of marijuana for profit. See United States v. Patterson, 819 F.2d 1495, 1502 (9th Cir.1987); United States v. Sperling, 506 F.2d 1323, 1340 (2d Cir.1974), cert. denied, 420 U.S. 962 and 421 U.S. 949 (1975), vacated in part, 560 F.2d 1050 (2d Cir.1977) (vacating defendant's sentence and fine on the conspiracy count). "The evidence need not be such that it excludes every hypothesis but that of a single conspiracy; rather it is enough that the evidence adequately support a finding that a single conspiracy exists." Arbelaez, 719 F.2d at 1457-58. Possession of a substantial quantity of contraband is sufficient evidence to support a finding that defendant had knowledge. United States v. Collins, 764 F.2d 647, 652 (9th Cir.1985).
 
 IV.
 
 8
 The district court properly determined that defendant was subject to the five-year minimum mandatory sentence, as defendant was responsible for the entire quantity of marijuana based on a joint venture. See United States v. Sanchez, 967 F.2d 1383, 1385 (9th Cir.1992). The mandatory minimums apply even if the accused had the " 'lowest possible role' in the narcotics conspiracy." United States v. Power, 881 F.2d 733, 739 (9th Cir.1989) (citation omitted). "[T]he Guidelines contemplate the aggregation of all amounts of contraband involved in a conspiracy in determining the appropriate punishment for the conspiracy." United States v. Inafuku, 938 F.2d 972, 974 (9th Cir.1991), cert. denied, 112 S.Ct. 877 (1992) (citation omitted). The quantity of drugs which formed the basis of Arreola-Banda's sentence was clearly within the scope of his agreement with his coconspirators. See United States v. Petty, 982 F.2d 1374, 1376 (9th Cir.1993).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3