19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Joseph GERARD, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Judith Ann GERARD, Defendant-Appellant.
 Nos. 92-30335, 92-30336.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided March 18, 1994.
 
 Before: WALLACE, Chief Judge, FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion cases, James Joseph and Judith Ann Gerard appeal their respective sentences of 24 months' and 18 months' incarceration, imposed under the United States Sentencing Guidelines following their convictions by guilty plea to bank fraud in violation of 18 U.S.C. Sec. 1344. The Gerards claim that, because they opened the first three of twenty fraudulent accounts before November 1, 1987, and because the Guidelines' penalties were increased before their fraud was discovered in 1991, the district court's application of the 1991 Sentencing Guidelines violated either the rule of lenity or the ex post facto clause of the Constitution. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The application of the Sentencing Guidelines presents a question of law which we review de novo. United States v. Niven, 952 F.2d 289, 291 (9th Cir.1991). "The Sentencing Guidelines apply to continuing offenses initiated before November 1, 1987, but not completed until after November 1, 1987." United States v. Gray, 876 F.2d 1411, 1418 (9th Cir.1989), cert. denied, 495 U.S. 930 (1990) (citing United States v. Frank, 864 F.2d 992, 1008 (3rd Cir.1988)). When the Guidelines are amended after the beginning of a continuing offense, we apply the version in effect when the crime is completed. United States v. Castro, 972 F.2d 1107, 1112 (1992). "An offense should not be deemed continuous 'unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." Niven, 952 F.2d at 293 (quoting Toussie v. United States, 397 U.S. 112, 115 (1970)). "When there is a change in the ... [statutory] punishment that becomes effective during the course of an ongoing conspiracy, it is not a violation of the ex post facto clause ... to apply the law as it exists at the end of the conspiracy in fashioning a punishment." United States v. Inafuku, 938 F.2d 972, 974 (9th Cir.1991).
 
 
 4
 Here, the Gerards opened 20 separate fraudulent bank accounts, and withdrew a total of $451,997.83 from them over four years. Although three of the accounts were opened before the effective date of the Sentencing Guidelines, all 20 remained active until the scheme was discovered in 1991. The Gerards were indicted originally in 20 separate counts, but, pursuant to an agreement with the government, they stipulated to facts proving their conduct, and pleaded guilty to a superseding information charging a single violation of 18 U.S.C. Sec. 1344, which proscribes "execut[ing] ... a scheme ... to defraud a financial institution." The parties agreed to argue in the district court whether pre-Guidelines law, the 1987 Guidelines or the 1991 Guidelines governed sentencing. Following argument, the district court applied the version of the Guidelines that was in effect when the Gerards' scheme was discovered.
 
 
 5
 The Gerards argue that theirs was not a continuing offense, and "[s]ince it cannot be determined from the government's pleading whether the offense ... was committed before or after November 1, 1987, the rule of lenity ought to be applied and the case ought to be treated as a pre-Guidelines case" (AOB at 10). We disagree. The Gerards explicitly pleaded to a single violation of the statute, admitting that they executed a scheme involving 20 fraudulent accounts and that their activity spanned from June 1987 to August 1991. We have no trouble concluding that their crime, as conducted and charged, was a continuing offense. Niven, 952 F.2d at 293. The district court properly applied the amended Sentencing Guidelines. See Castro, 972 F.2d at 1112; Inafuku, 938 F.2d at 974.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3