52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Thomas Joseph CASTILLO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-56573.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Castillo appeals pro se the denial of his second 28 U.S.C. Sec. 2255 motion. Castillo challenges the ten year mandatory minimum sentence imposed following his conviction for conspiracy to possess with intent to distribute and possession of over three thousand grams of methamphetamine. We review de novo. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991). We affirm.
 
 
 3
 Castillo first argues that the typographical error in the penalty statute at the time he was sentenced rendered the statute ambiguous because a crime involving one hundred grams or more of a mixture containing methamphetamine triggered both the five year and ten year mandatory minimums. Castillo concludes that the rule of lenity required the court to apply the five year sentence. We reject this argument because the typographical error did not render the statute ambiguous given the context and the structure of the sentencing scheme. See United States v. Asuncion, 973 F.2d 769, 773 (9th Cir.1992); United States v. Alfeche, 942 F.2d 697, 698-99 & n. 1, (9th Cir.1991) (per curiam).
 
 
 4
 Castillo also argues that application of the ten year mandatory minimum violated the ex post facto clause. The penalty provision in 21 U.S.C. Sec. 841(b)(1)(A)(viii) became effective November 18, 1988. United States v. Inafuku, 938 F.2d 972, 973 (9th Cir.1991), cert. denied, 502 U.S. 1034 (1992). The possession offense occurred on May 1, 1989 and the conspiracy continued to that date. Because the statute became effective before Castillo committed his crimes, this argument fails. See id. (mandatory minimum did not violate ex post facto clause when applied to a conspiracy that began before but ended after November 18, 1988). Congress delayed the effective date of certain provisions of the 1988 amendments until March 18, 1989, but none of these applied to Castillo. See United States v. Meyers, 847 F.2d 1408, 1414 (9th Cir.1988) (absent a specific effective date, statute becomes effective on the date of enactment); compare Pub.L. 100-690, Sec. 6061, 102 Stat. 4320 (specific effective date for Subtitle A of Title VI) with Pub.L. 100-690, Sec. 6470, 102 Stat. 4377-78 (adding 21 U.S.C. Sec. 841(b)(1)(A)(viii)).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3