**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Diana Lee FLAHERTY, Defendant—Appellant.**

No. 07–10138.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 27, 2008.

Filed March 20, 2008.

Timothy S. Vasquez, Esq., Office of the U.S. Attorney Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff–Appellee.

Anthony P. Capozzi, Esq., Fresno, CA, for Defendant–Appellant.

---

* After argument, Chief Judge Kozinski recused himself from participation in this case. Judge Hawkins was drawn in his place, has listened to the arguments, and considered the briefs of the parties.

Before: HAWKINS,* BERZON, and BYBEE, Circuit Judges.

MEMORANDUM **

Defendant offered no foundational evidence to show that she believed, in good faith, that the assay reports were based on unadulterated cinder samples. Fed. R.Evid. 901(a). Without such evidence, the reports could not establish her good-faith belief that the cinders contained precious metals. Thus, the district court did not abuse its discretion by excluding the reports.

The district court's failure to instruct the jury that the government had the burden to disprove defendant's good faith was not plain error, because the jury was specifically instructed the government had to prove defendant's specific intent to defraud. *See United States v. Shipsey*, 363 F.3d 962, 967–68 (9th Cir.2004). Because the jury was also told that a belief can be held in good faith even if "inaccurate, incorrect, or wrong," it was not plain error to fail to further instruct that a belief can be held in good faith even if not objectively reasonable.

Nor was there an abuse of its discretion by ruling on defendant's motion for a new trial without an evidentiary hearing, *see United States v. Nace*, 561 F.2d 763, 772 (9th Cir.1977), or by denying that motion on the ground, among others, that defendant's evidence was not newly discovered. *See United States v. Sarno*, 73 F.3d 1470, 1507 (9th Cir.1995).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

There was no clear error in finding that defendant's conspiracy lasted until after November 2001; therefore, applying the 2001 edition of the Sentencing Guidelines did not violate the Ex Post Facto Clause, *see United States v. Inafuku*, 938 F.2d 972, 973–74 (9th Cir.1991). Nor was there error in finding that defendant's fraud violated an SEC injunction. *See* U.S.S.G. § 2B1.1(b)(7)(C) (2001); *id.* note 5(C). Defendant, in fact, admitted she had notice of the injunction.

In calculating the Guidelines range, the court properly considered losses not proven at trial, *see* 18 U.S.C. § 3661, and those caused by defendant's conspirators, *see* U.S.S.G. § 1B1.3(a)(1)(B) (2001). Nor did any abuse of discretion occur by enhancing her sentence on this basis. Enhancement of defendant's sentence was appropriate given her sophisticated means, including numerous fraudulent press releases, a corporate shell, a reverse merger and bank accounts in the names of others. *See id.* § 2B1.1(b)(8)(C).

Finally, it was within the court's discretion to resolve all these issues without an evidentiary hearing. *See United States v. Houston*, 217 F.3d 1204, 1209 (9th Cir. 2000). Defendant's claim she was entitled to an evidentiary hearing on her "diminished capacity" and "other factors" bearing on her sentence fails because she never asked for such a hearing and cannot now show that the failure to provide one was plain error.

AFFIRMED.