**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30147 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00016-RAJ-1 |
| v. | |
| DANIEL OBERHOLTZER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted April 8, 2016
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

Daniel Oberholtzer appeals the imposition of a personal money judgment

against him under criminal forfeiture statutes, after he pled guilty to conspiracy to

traffic in counterfeit goods.  Oberholtzer asserts that:  (1) the district court lacked

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

the authority to impose a personal money judgment against him; (2) the personal money judgment was an excessive fine in violation of the Eighth Amendment; (3) the district court erroneously calculated the forfeiture amount; (4) the personal money judgment violated the *ex post facto* clause because it was based on activity that occurred prior to Congress passing the criminal forfeiture statues; (5) he was deprived of his right to procedural due process due to the district court's application of the expedited forfeiture procedures under Federal Rule of Criminal Procedure 32.2(b)(1); and (6) the district court abused its discretion in denying his motions for a continuance of the forfeiture hearing.

The district court had authority to enter a personal money judgment against Oberholtzer. *See United States v. Casey*, 444 F.3d 1071, 1073-75 (9th Cir. 2006). Oberholtzer argues that *Casey* should be overturned, but this panel may not overturn binding precedent absent a "clearly irreconcilable" Supreme Court decision. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (citation omitted).

Oberholtzer's remaining claims lack merit. *See United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011) (explaining that a personal money judgment is

a type of criminal forfeiture); *United States v. Orlando*, 553 F.3d 1235, 1237-38 (9th Cir. 2009) (holding that a district court acted within its discretion when it denied a continuance because the defendant failed to demonstrate prejudice); *United States v. Hamilton*, 208 F.3d 1165, 1169 (9th Cir. 2000) (holding that due process requires only "reasonable notice and an opportunity to be heard") (citation omitted); *United States v. Ladum*, 141 F.3d 1328, 1348-49 (9th Cir. 1998) (upholding a criminal forfeiture against an Eighth Amendment challenge); *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991), *as amended* (holding that a defendant fails to demonstrate clear error "by pointing to conflicting evidence in the record"); *United States v. Inafuku*, 938 F.2d 972, 973-74 (9th Cir. 1991) (upholding application of the law "as it exists at the end of [a] conspiracy" against an *ex post facto* clause challenge) (citations omitted).

**AFFIRMED.**